■ CHARLES H. COREY, Respondent, v LILLIAN K. POWELL, Appellant.—Appeal from a judgment of the Supreme Court, entered May 30, 1975 in Columbia County, upon a verdict rendered at a Trial Term in favor of plaintiff. The defendant's sole contention on this appeal is that the verdict was contrary to the credible evidence. We disagree. We have no right to invade the province of the jury by interfering with its verdict unless that verdict is clearly against the weight of the evidence and by that is meant "no reasonable person would solve the litigation in the way the jury has chosen to do" *(Rapant v Ogsbury,* 279 App Div 298, 299). While the record reveals sharply divergent accounts as to the happening of the accident and its causation and there are inconsistencies in some of the testimony, this merely raises questions of fact and credibility. The clear reason for and function of a jury is to resolve these issues while adhering to the guidelines set down by the court in its charge. Here, after a clear and correct charge which thoroughly instructed the jury as to the applicable law and the rules by which it must be guided, the jury adopted the plaintiff's version of the accident and rendered an unanimous verdict in his favor. The Trial Judge who had the advantage of having heard and seen the witnesses, in the exercise of his professional judgment, denied the motion to set the verdict aside. This verdict was not palpably wrong nor does it lack support in the record and appears to have been the result of the exercise of reason. We perceive no valid basis for setting the verdict aside. Judgment affirmed, with costs. Koreman, P. J., Sweeney, Kane, Main and Larkin, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROGER P. BERCUME, Appellant.—Appeal from a judgment of the County Court of St. Lawrence County, rendered June 30, 1975, convicting defendant, upon his plea of guilty, of the crime of attempted burglary, third degree. The sole issue on this appeal is whether the pre-sentence investigation report submitted to the court at the time of sentencing complied with the requirements of CPL 390.30. "By permitting the investigating agency to limit its report to 'relevant' information, subdivision 3 encourages the development of reports tailored to the needs involved." (Practice Commentaries, Preiser, McKinney's Cons Laws of NY, Book 11A, CPL 390.30.) An examination of the report herein discloses that it meets all of the requirements of the statute and is sufficient under the circumstances herein. It is noted that the defendant and his counsel were given an opportunity to make a statement prior to imposition of sentence and the defendant's attorney availed himself of such opportunity. Judgment affirmed. Koreman, P. J., Greenblott, Kane, Mahoney and Larkin, JJ., concur.