■    THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LARRY JOHNSON, Appellant.—Judgment unanimously affirmed. Memorandum: The defendant was one of 27 who were individually named in separate indictments charging sale and possession of narcotic drugs. Defendant's indictment alleged that he possessed and sold heroin on May 20, May 21, May 24 and June 27, 1976. The motions of all defendants to dismiss the indictments in the interest of justice (CPL 210.20, subd 1, par [i]; 210.40, subd 1) were jointly presented and were denied without a hearing in a single order. Thereafter this defendant entered an *Alford* plea (see *North Carolina v Alford,* 400 US 25). On a prior appeal from the same order by six other defendants, we affirmed on the authority of *Hampton v United States* (425 US 484) and *United States v Russell* (411 US 423) *(People v Anthony,* 60 AD2d 994, mot for lv to app den 43 NY2d 959). We found that a hearing

was not warranted on the motions and that if there was police misconduct in the investigations leading to defendants' indictments, it was a matter for separate discipline or prosecution. The defendant relies upon *People v Isaacson* (44 NY2d 511) in arguing that the police conduct here was in violation of our State due process clause (NY Const, art I, § 6) and that the court thus erred in denying him a hearing which would have focused on that issue. We disagree. The factual background leading to the indictment of Isaacson was characterized by the Court of Appeals as follows: "In sum, this case exposes the ugliness of police brutality, upon which was imposed a cunning subterfuge employed to enlist the services of an informant who, deceived into thinking he was facing a stiff prison sentence, desperately sought out any individual he could to satisfy the police thirst for a conviction, even of a resident of another State possessed of no intention to enter our confines. Separately considered, the items of conduct may not rise to a level justifying dismissal but viewed in totality they reveal a brazen and continuing pattern in disregard of fundamental rights." *(People v Isaacson,* 44 NY2d 511, 523.) It cannot be said that the misconduct alleged here, even if true, rises to the level described in *Isaacson* and we conclude that the motion was properly denied without a hearing (CPL 210.45, subd 5, par [a]). (Appeal from judgment of Erie Supreme Court—criminal sale of a controlled substance, fifth degree.) Present—Marsh, P. J., Dillon, Hancock, Jr., Schnepp and Witmer, JJ.