■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GABRIEL MONTEZ, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered June 7, 1977, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence. Judgment affirmed. Defendant was properly sentenced, *in absentia,* having waived his right to be physically present by absconding voluntarily after his trial had commenced (see *People v Stroman,* 36 NY2d 939; *People ex rel. Lupo v Fay,* 13 NY2d 253, 257, cert den 376 US 958; cf. *People v Aiken,* 45 NY2d 394, affg 54 AD2d 937; *People v Epps,* 37 NY2d 343, cert den 423 US 999). We have considered defendant's remaining contention and find it to be lacking in merit (see *People v Bercume,* 53 AD2d 924). Mollen, P. J., Martuscello, Rabin and Gulotta, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANK PROVENZANO, Appellant.—Judgment of the Supreme Court, Suffolk County, rendered April 8, 1977, affirmed. No opinion. This case is remitted to the Supreme Court, Suffolk County, for further proceedings pursuant to CPL 460.50 (subd 5). Mollen, P. J., Latham, Damiani and Titone, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN REESE, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered July 23, 1974 (the date on the clerk's extract is August 12, 1974), convicting him of two counts of robbery in the second degree (Penal Law, § 160.10, subds 1, 2, par [a] [counts two and three of the indictment, respectively]), two counts of assault in the second degree (Penal Law, § 120.05, subds 2, 6 [counts five and six of the indictment, respectively]), and one count of grand larceny in the third degree, upon a jury verdict, and imposing sentence. Judgment modified, on the law, by reversing the convictions of assault in the second degree (under count six of the indictment) and grand larceny in the third degree, and the sentences imposed thereon, and the said counts are dismissed. As so modified, judgment affirmed. Under the facts of this particular case, defendant could not have committed the crime of robbery in the second degree pursuant to section 160.10 (subd 2, par [a]) of the Penal Law, without also having committed, by the same conduct, (1) assault in the second degree, pursuant to subdivision 6 of section 120.05 of the Penal Law, and (2) grand larceny in the third degree. We have considered defendant's remaining contentions and find them to be lacking in merit (see *People v Crimmins,* 36 NY2d 230). Suozzi, J. P., Gulotta, Shapiro and Margett, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BENNY ROMERO, Appellant.—Judgment of the Supreme Court, Kings County, rendered September 7, 1976, affirmed (see *People v Nixon,* 21 NY2d 338). Titone, J. P., Shapiro, Cohalan and Margett, JJ., concur.