■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT FLAKES, Also Known as PHILLIP TERRY, Appellant. (Appeal No. 1.) — Judgment unanimously affirmed. (See *People v Johnson,* 64 AD2d 821.) (Appeal from judgment of Erie Supreme Court, Flynn, J. — criminal sale of a controlled substance, fifth degree.) Present — Simons, J. P., Hancock, Jr., Doerr, Denman and Moule, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT FLAKES, Also Known as PHILLIP TERRY, Appellant. (Appeal No. 2.) — Judgment unanimously affirmed. (See *People v Johnson,* 64 AD2d 821.) (Appeal from judgment of Erie Supreme Court, Flynn, J. — criminal sale of a controlled substance, fifth degree.) Present — Simons, J. P., Hancock, Jr., Doerr, Denman and Moule, JJ.

■ SEEM ASSOCIATES, INC., Respondent, v BLUE MOON DEVELOPMENT, LTD., et al., Appellants. — Order and judgment unanimously affirmed, with costs, for the reasons stated in the opinion at Special Term, Murphy, J. (Appeal from order and judgment of Onondaga Supreme Court, Murphy, J. — summary judgment.) Present — Simons, J. P., Hancock, Jr., Doerr, Denman and Moule, JJ.

■ JEANNETTE L. ZYDEL et al., Respondents, v MARY E. MANGES, Appellant. — Order unanimously reversed, with costs, and motion granted. Memorandum: This appeal arises from the denial at Special Term of defendant's motion to inspect plaintiff's hospital records at the Erie County Medical Center. Plaintiff, a 56-year-old woman, was injured when her moped was involved in a collision with defendant's automobile on August 29, 1979. She was taken to Mercy Hospital and released the same day. On November 16 she was admitted to Sheehan Memorial Hospital and confined there until December 1. While there she had a left craniotomy for the removal of a chronic subdural hematoma on the brain. Plaintiff's doctors related the hematoma to the August 29 accident. Three weeks prior to her admission to Sheehan Memorial Hospital, plaintiff had been confined to the Erie County Medical Center — from October 27 to November 2 — for chronic alcoholism. Discovery of the medical center records is at issue here. The test under CPLR 3101 (subd [a]) is whether the discovery sought is evidence "material and necessary"; it is one of relevancy or of usefulness and reason *(Allen v Crowell-Collier Pub. Co.,* 21 NY2d 403, 406). Liberal and broad discovery is the rule and where, as here, plaintiff has claimed a permanent neurological injury, the possible effects of plaintiff's chronic alcoholism on such injury may well be a relevant issue. Disclosure is thus required of plaintiff's Erie County medical records because they may contain information reasonably calculated to lead to relevant evidence (Siegel, New York Practice, § 344, p 422). Should these records be found upon examination to be immaterial, then defendant will not be permitted their use at trial (CPLR 3103, subd [c]). (Appeal from order of Erie Supreme Court, Johnson, J. — discovery.) Present — Cardamone, J. P., Callahan, Doerr, Denman and Schnepp, JJ.

■ In the Matter of CAROL GASSER, Appellant, v ZONING BOARD OF APPEALS OF THE VILLAGE OF FAIRPORT, Respondent. — Judgment unanimously affirmed, without costs, on the opinion at Special Term, Provenzano, J. (Appeal from judgment of Monroe Supreme Court, Provenzano, J. — art 78.) Present — Cardamone, J. P., Callahan, Doerr, Denman and Schnepp, JJ.

■ In the Matter of BARRETT HESS. — Order entered terminating suspension and reinstating petitioner as an attorney and counselor at law. Present — Cardamone, J. P., Simons, Hancock, Jr., Callahan and Moule, JJ. (Order entered Sept. 1, 1981.)