■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAMONT BIRDEN, Appellant. — Judgment unanimously affirmed. Memorandum: Defendant's principal argument on appeal from his conviction for robbery, first degree, arising from an armed bank robbery, is that the trial court erred in continuing his trial to conclusion in his absence. After four days of trial and during a weekend adjournment, defendant, who had been released on bail, went to Atlantic City, New Jersey, and was arrested and jailed on May 19, 1980, on minor charges. On May 21, after a one-day adjournment due to defendant's failure to appear, the prosecuting attorney stated that, provided that defendant waived extradition, he would send two investigators to New Jersey to bring defendant back for the completion of the trial. Defense counsel, who had known of this arrangement before contacting defendant, reported that defendant did not wish to waive extradition, primarily because he wanted to defend the charges in New Jersey and "clear up the matter while it was still fresh." The trial court denied defense counsel's motion for a mistrial on the ground that defendant had voluntarily chosen to absent himself from trial (see *People v Aiken,* 45 NY2d 394; *People v Johnson,* 37 NY2d 778; *People v Epps,* 37 NY2d 343, cert den 423 US 999). The court, however, granted a further adjournment at the close of the People's case to allow defense counsel to go to New Jersey to discuss the matter with defendant and to attempt to procure his presence at trial to testify in his own defense. When on May 27 defendant still did not appear and defense counsel rested without requesting further time or stating that defendant wished to appear and testify, the court allowed the case to go to the jury. We cannot say that the trial court erred in finding that defendant's waiver of his right to be present at his trial was knowing, intelligent, and voluntary (see *People v Epps, supra,* p 350). This case is distinguishable from *People v Parker* (57 NY2d 136), in which the court held that the record did not establish a voluntary waiver where there was no showing that defendant, who

disappeared prior to trial and never communicated with her attorney, was aware that the trial would proceed in her absence. In contrast, here, defendant attended the first four days of his trial (cf. *Taylor v United States,* 414 US 17) and, after his arrest, was in repeated contact with his attorney, who continued to represent him for the balance of the trial. (Appeal from judgment of Supreme Court, Onondaga County, Gorman, J. — robbery, first degree.) Present — Simons, J. P., Hancock, Jr., Callahan, Denman and Boomer, JJ.