■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALBERT THOMAS, Appellant. — Judgment affirmed. All concur, Schnepp, J., not participating. Memorandum: Defendant was present during the first three days of trial, but failed to appear on the fourth day. The trial court issued a bench warrant and ordered that trial continue in defendant's absence. On the fifth day, the jury reported its guilty verdict. When defendant appeared before the court on the bench warrant more than four months later, the Public Defender explained defendant's absence from trial by commenting that defendant had left the State "to contact a witness." In defendant's brief on appeal it is recited that defendant had gone to Florida. Defendant previously had failed to appear timely at a pretrial proceeding less than two months before the trial actually commenced. On that occasion the court issued a bench warrant but prior to its execution defendant appeared. He explained his tardiness with the statement that he had been in Mississippi "for the 4th of July." The court then directed, and the record reflects defendant's clear understanding, that during the

pendency of the criminal action defendant was not to leave the county without court permission. Defendant claims on appeal that the judgment of conviction must be reversed because he did not waive his right to be present at trial. We disagree. A defendant has a fundamental constitutional right to be present at a criminal trial and the validity of any waiver of that right must be measured by constitutional standards (*People v Parker,* 57 NY2d 136, 139-140). The issue to be determined is "whether this defendant knowingly, voluntarily and intelligently relinquished his known right" (*People v Parker, supra,* p 140). In concluding that he did, we find the language of the Supreme Court to be particularly applicable: "It is wholly incredible to suggest that petitioner, who was at liberty on bail, had attended the opening session of his trial, and had a duty to be present at the trial, see *Stack* v. *Boyle,* 342 U. S. 1, 4-5 (1951), entertained any doubts about his right to be present at every stage of his trial. It seems equally incredible to us, as it did to the Court of Appeals, 'that a defendant who flees from a courtroom in the midst of trial — where judge, jury, witnesses and lawyers are present and ready to continue — would not know that as a consequence the trial could continue in his absence.' [Citation omitted.]" (*Taylor v United States,* 414 US 17, 20.) The waiver found in *Taylor* is characterized by our Court of Appeals as one to be implied from the circumstances as a matter of law (*People v Parker,* 57 NY2d 136, 141-142, *supra*). Here, as in *Taylor,* defendant never contended on his many posttrial appearances from December 31, 1981 to the date of sentencing, March 24, 1982, that he was unaware that a consequence of his flight would be a continuation of the trial without him. Moreover, no claim is made that his disappearance from the courtroom was other than voluntary. On consideration of all the circumstances, we find that as a matter of law defendant waived his right to be present at trial and that the trial court properly exercised its discretion in completing the trial without defendant's presence. We have reviewed the other issues raised by defendant on appeal and find them to be without merit. (Appeal from judgment of Monroe County Court, Mark, J. — criminal possession of stolen property, first degree.) Present — Dillon, P. J., Boomer, Green, O'Donnell and Schnepp, JJ.