THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v
PEDRO RIVERA, Appellant.

Second Department, August 20, 1984

**APPEARANCES OF COUNSEL**

*Edwin Ira Schulman* for appellant.

*Elizabeth Holtzman, District Attorney (Barbara D. Underwood, Shulamit Rosenblum* and *Miriam R. Best* of counsel), for respondent.

**OPINION OF THE COURT**

BOYERS, J.

This appeal brings up for review, *inter alia,* defendant's contention that he was improperly tried *in absentia.* Constrained by the decision of this State's Court of Appeals in *People v Parker* (57 NY2d 136) and the application of the law therein to the particular facts and circumstances of this case, we must agree with defendant, and accordingly, reverse and remit for a new trial.

By indictment filed September 17, 1980, defendant along with two codefendants, was charged with robbery in the first degree, robbery in the second degree (two counts), assault in the second degree (two counts), assault in the third degree, criminal possession of stolen property in the third degree, and criminal possession of a weapon in the

fourth degree. On October 6, 1981, defendant and one of his codefendants, Tony Ortiz, appeared before Justice Beldock in the Supreme Court, Kings County. At that appearance, counsel for all parties had an off-the-record conference before the Bench; Justice Beldock then stated as follows: "I had a discussion with counsel and they indicated the case is a ready case. Therefore, I'll send it to Part 55, Judge Goldman, 10th floor of this building, for trial."

Defendant was subsequently notified by his attorney which courtroom to proceed to for the commencement of that event. However, after a luncheon recess, defendant failed to appear before Justice Goldman. The court then issued a bench warrant and adjourned the case on two occasions, until November 30, 1981. On that day, a hearing was held to determine whether the People had made reasonable efforts to locate and produce defendant pursuant to the bench warrant. After the hearing and arguments of counsel, Justice Goldman ruled that defendant would be tried *in absentia*. A *Wade* hearing and trial were held from December 1 to 4, 1981. It is unclear from the record whether codefendant Tony Ortiz pleaded guilty to a lesser charge before or after defendant absconded; however, it is certain that Ortiz was out of the case by the first adjourned date, October 16, 1981. Defendant was found guilty, upon a jury verdict, of robbery in the first degree and was sentenced *in absentia,* as a second felony offender, on January 13, 1982, no hearing having been held before the sentencing court with respect to the People's further efforts to locate defendant. Approximately a month later defendant was located, and on February 17, 1982 he was brought before the court for execution of sentence.

A defendant's right to be present at a criminal trial is provided for within the confrontation clauses of both our State and Federal Constitutions (NY Const, art I, § 6; US Const, 6th Amdt). CPL 260.20 codifies this derivative right which may, of course, be waived (*Diaz v United States,* 223 US 442; *People v Byrnes,* 33 NY2d 343). The Court of Appeals has established a two-tiered test to determine whether a defendant may be tried *in absentia* (*People v Parker,* 57 NY2d 136, *supra;* see, also, *People v Molina,* 118 Misc 2d 887). First, in order for a particular defendant's

nonappearance at the commencement of trial to constitute a knowing, voluntary and intelligent waiver (*Johnson v Zerbst,* 304 US 458, 464), he must have been "informed in some manner of the nature of the right to be present at trial and the consequences of failing to appear", specifically, that the trial will continue without him (*People v Parker, supra,* p 141). Mere actual notice of the date for trial is not sufficient (*People v Parker, supra,* p 140).

Second, once the court had determined that defendant has voluntarily waived the right to be present, it must then exercise its discretion and consider all appropriate factors, including the possibility of locating the defendant within a reasonable period of time, the difficulty of rescheduling the trial, and the chance that evidence will be lost or witnesses will disappear, before ordering defendant to be tried *in absentia* (*People v Parker, supra,* p 142; see, also, *United States v Tortora,* 464 F2d 1202, 1210, cert den *sub nom. Santoro v United States,* 409 US 1063).

A defendant may be deemed to have waived the right to be present by his conduct at trial and/or according to the circumstances of the particular case, despite the fact that no express warning was given. For example, a waiver has been implied where defendant voluntarily absents himself after attending the opening of his trial. In *Taylor v United States* (414 US 17), the Supreme Court deemed it unnecessary to determine whether defendant knew or had been informed of his right to be present at his trial and that the trial would continue in his absence when defendant failed to reappear in court after the morning session of the first day of trial. Relying upon rule 43 of the Federal Rules of Criminal Procedure (in US Code, tit 18, Appendix), which then provided that a defendant's voluntary absence after "trial has been commenced in his presence shall not prevent continuing the trial", the court held that it was correct to assume that defendant's flight in the midst of trial constituted a knowing waiver (*Taylor v United States, supra,* pp 18-20; see, also, *People v Birden,* 90 AD2d 672).

Similarly, this State's Court of Appeals has inferred that a defendant has knowingly waived his right to be present when he refuses to leave his cell as part of his participation in an inmate boycott of the court system after having

previously attended the first two days of trial (*People v Epps,* 37 NY2d 343, cert den 423 US 999) or when he engages in disruptive courtroom behavior during trial and is subsequently barred from the proceeding (*People v Byrnes,* 33 NY2d 343, *supra*).

Finally, a defendant will be found to have waived his right to be present, despite the lack of an express warning, upon failing to appear on the scheduled trial date in a multiple defendant proceeding where the other parties are present thereon (*United States v Tortora,* 464 F2d 1202, cert den *sub nom. Santoro v United States,* 409 US 1063, *supra*). In *Tortora,* the defendant deliberately absented himself where three codefendants remained in the case, and was tried *in absentia,* the rationale being that "the public interest clearly outweighs that of the voluntarily absent defendant" (*United States v Tortora, supra,* p 1210). Among the factors considered therein were the difficulty of rescheduling a multiple defendant trial and the burden on the Government should it be required to undertake two trials wherein the evidence against particular defendants often overlaps, and, further, the fact that an additional trial might keep Government witnesses in substantial jeopardy (*United States v Tortora, supra,* p 1210).

In the case at bar, the record is devoid of any evidence that defendant either was advised or independently knew that the *Wade* hearing and the trial would be held in his absence if he failed to appear. Hence, any waiver, however voluntary, was neither intelligently nor knowingly made and therefore the first tier of the *Parker* test has not been satisfied. This is true, even though defendant was in the courthouse and was told by Justice Beldock that his case would immediately be transferred to Justice Goldman for trial, and despite the fact that Justice Goldman properly adjourned the case from October 6, 1981 to November 30, 1981, and did not order a trial *in absentia* until after he had a hearing on the efforts of the People to locate defendant.

Moreover, a waiver by defendant of his right to appear at trial cannot be implied here. Defendant absconded *prior* to the commencement of his trial (cf. *Taylor v United States, supra; People v Thomas,* 98 AD2d 968). In addition, although codefendant Tony Ortiz was present when defen-

dant appeared before Justice Beldock, the record does not indicate whether Ortiz pleaded guilty before or after the case was transferred to Justice Goldman, and, in fact, all proceedings after October 6, 1981, including the trial *in absentia,* involved only the defendant. Thus, the "multiple defendant exception" is not applicable, unlike in *United States v Tortora (supra)*, and no waiver may be implied. Accordingly, a new *Wade* hearing and trial must be held. We add that although the trial was held prior to the decision in *People v Parker (supra)*, it may be applied retroactively to cases pending on direct appeal (see *People v Thompson,* 94 AD2d 898, 899-900).

In view of the mandate of the Court of Appeals in *Parker (supra)*, and in the interest of judicial economy, we strongly suggest that all defendants be notified of their right to be present at trial and the consequences of nonappearance by Judges sitting in criminal calendar parts and by Trial Judges upon a defendant's first appearance before the trial court (see *People v Molina, supra,* pp 894-895). Given the absence of any legislative codification of such a requirement prior to the release of a prisoner,* the adoption of such a procedure as a regular practice would eliminate the potential that defendants may be improperly tried *in absentia* and the consequences thereof.

We note that the knife recovered from defendant upon his arrest was properly admitted into evidence and accordingly, should be admissible upon retrial (see *People v Pena,* 50 NY2d 400, cert den 449 US 1087; *People v Mirenda,* 23 NY2d 439, 453).

Lazer, J. P., Brown and Eiber, JJ., concur.

Judgment of the Supreme Court, Kings County, rendered January 13, 1982, reversed, on the law, and new *Wade* hearing and trial ordered.

---

* See, e.g., Ariz Rules Crim Pro (Ariz Rev Stats Ann, vol 17) Form VI, p 724; Ariz Rules Crim Pro, rule 9.1; Ariz Rules Crim Pro (Ariz Rev Stats Ann, vol 17), Comment, pp 120-121, discussed in Starkey, Trial *In Absentia,* 53 St. John's L Rev, 721-727, 736.