■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID PAUL SMITH, Appellant. — Appeal by defendant from a judgment of the County Court, Nassau County (Thorp, J.), rendered June 30, 1981, convicting him of criminal sale of a controlled substance in the first degree, criminal possession of a controlled substance in the first degree, and conspiracy in the second degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

Generally, unless a defendant has been informed in some manner of the right to be present at his trial and the consequences of failing to appear, specifically, that the trial will proceed without him, the mere fact that he absents himself from the trial cannot be considered a waiver of his constitutional right to be present at trial (NY Const, art I, § 6; US Const, 6th Amdt; see *People v Parker,* 57 NY2d 136; *People v Rivera,* 103 AD2d 225; *People v Scott,* 104 AD2d 667). Additionally, even if the defendant has been informed of the consequences of nonappearance, to wit, that the trial will proceed in his absence, the

court must exercise its discretion and consider all appropriate factors, such as the possibility of locating the defendant within a reasonable period of time, the difficulty of rescheduling the trial, and the possibility of the loss of evidence or witnesses, prior to ordering that the defendant be tried *in absentia* (*People v Parker, supra,* p 142; *People v Rivera, supra,* p 227).

However, a voluntary waiver may be implied if the defendant absents himself after his trial commences (see, e.g., *Taylor v United States,* 414 US 17; *People v Parker, supra; People v Epps,* 37 NY2d 343, cert den 423 US 999; *People v Johnson,* 37 NY2d 778; *People v Byrnes,* 33 NY2d 343; *People v Rivera, supra;* cf. *People v Scott, supra*), or if the defendant voluntarily fails to appear in a multiple defendant proceeding (see *United States v Tortora,* 464 F2d 1202, cert den *sub nom. Santoro v United States,* 409 US 1063; *People v Parker, supra,* p 142; *People v Rivera, supra,* p 228).

In the case at bar, defendant, a resident of the State of Florida, absconded prior to the commencement of pretrial proceedings on February 24, 1981. He had been told by his attorney that he was due in court in Nassau County on February 24, 1981. On February 25, 1981 the trial court issued a bench warrant and forfeited defendant's bail.

Defendant had been indicted together with six codefendants. Hearings and the trial proceeded in defendant's absence with five of the other six codefendants present. The hearings and trial extended over a period of over two months, with the People calling more than a dozen witnesses. A number of the codefendants, defense attorneys and witnesses were Florida residents. The trial had been postponed on two occasions. First, one of the codefendants hired a new attorney. Second, the trial court declared a mistrial due to the death of the prosecutrix's mother. Since this case involved a multiple defendant proceeding where the other parties were present, defendant waived his right to be present at trial despite the lack of an express warning that the trial would proceed in his absence (see *United States v Tortora, supra; People v Parker, supra; People v Rivera, supra,* p 228; *People v Scott, supra*). Furthermore, under the circumstances of this case, it was unlikely that defendant would have been located within a reasonable period of time, and there would have been enormous difficulties in rescheduling the trial. For all of these reasons, we find that defendant was properly tried *in absentia.*

Defendant was also properly sentenced *in absentia.* Since he was properly tried *in absentia* under the multiple defendant

exception, he may be sentenced *in absentia* based on that exception (cf. *Brewer v Raines,* 670 F2d 117; *Byrd v Hopper,* 537 F3d 1303; *People v Montez,* 65 AD2d 777; see, also, *People v Stroman,* 36 NY2d 939). In fact, the mere absence of the defendant at sentencing may lend itself to an inference of a waiver by the defendant of his right to be present at sentencing (CPL 380.40; see *Matter of Whitley v Cioffi,* 74 AD2d 230, 233; *Matter of Root v Kapelman,* 67 AD2d 131, 136; *People v Seppinni,* 119 Misc 2d 125).

Defendant's claim that he was lured into New York in order to commit the crimes charged is without merit. The alleged police misconduct, even if true, does not rise to the level of egregiousness which would violate defendant's rights pursuant to the State due process clause (NY Const, art I, § 6; see *People v Johnson,* 64 AD2d 821; cf. *People v Isaacson,* 44 NY2d 511). Finally, defendant's sentence, in our view, was not excessive (see *People v Suitte,* 90 AD2d 80). Titone, J. P., Niehoff, Rubin and Boyers, JJ., concur.