■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN PORTER, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County (Beldock, J.), rendered August 27, 1981, as amended on November 9, 1983, convicting him of criminal possession of a controlled substance in the second degree, criminal sale of a controlled substance in the third degree, criminal possession of a hypodermic instrument, and criminally using drug paraphernalia in the second degree, upon a jury verdict after a trial *in absentia,* and imposing sentence.

Judgment, as amended, affirmed.

Defendant, who was tried jointly with his cohort Nehemiah Ruffin, failed to return to the courtroom after being present for the selection of four of the jurors. The matter was adjourned pending an investigation by the District Attorney's office. On the following day, an Assistant District Attorney reported that defendant's location could not be ascertained,

despite a visit to defendant's home and known local hangouts, as well as checks with various hospitals, the city morgue, and the central office of the New York City Department of Correction. Defendant's attorney then reported that defendant had telephoned him from an unknown location the previous night, following his failure to appear earlier that day. In that conversation, defendant informed his attorney that he had gone to Atlantic City with some friends and had car trouble which prevented him from being at court at the scheduled time of 10:00 A.M. Defendant, however, continued by saying that had he wanted to, he could have been present for the 2:00 P.M., session. Counsel informed defendant that he had a legal duty to be present in court, and was expected to appear the next morning. Defendant responded that he could not say at that time whether or not he would appear. Defendant was not expressly told that the trial would continue in his absence, but he was informed that a bench warrant had been issued for his arrest, and that his bail had been forfeited. After hearing the above, the court determined that defendant had voluntarily waived his right to be present, and the trial continued in his absence. The codefendant, however, was present throughout the course of the trial.

In order for a defendant to validly waive his right to be present at his trial, he must knowingly, voluntarily, and intelligently relinquish that right. To do so, requires an awareness that the trial will proceed even in his absence (see, *People v Parker,* 57 NY2d 136). Exceptions to this general rule occur where (1) a defendant fails to appear on the scheduled trial date in a multiple defendant proceeding where the other parties are present thereon (*United States v Tortora,* 464 F2d 1202, *cert denied sub nom. Santoro v United States,* 409 US 1063), or (2) a defendant has voluntarily absented himself after attending the opening of his trial (*Taylor v United States,* 414 US 17). In multiple defendant cases, such as the instant one, the public interest in continuing the trial clearly outweighs that of the voluntarily absent defendant (*United States v Tortora, supra; see also, People v Smith,* 106 AD2d 670). Furthermore, in light of the fact that four jurors had already been selected in the case at bar, a waiver was established on the ground that defendant voluntarily absented himself after the opening of his trial (*People v Suvill,* 113 AD2d 816; cf. *People v Scott,* 104 AD2d 667). Having correctly determined that defendant waived his right to be present at the trial, Criminal Term properly exercised its discretion to continue the proceedings *in absentia.* This was especially so in

view of the fact that defendant was aware of the issuance of a bench warrant and still voluntarily chose to continue his absence.

Defendant's other contentions were either not preserved for our review or are without merit. Accordingly, the judgment, as amended, is affirmed. Brown, J. P., O'Connor, Weinstein and Kunzeman, JJ., concur.