■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN WILSON, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County (Lagana, J.), rendered July 18, 1980, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

Appellant and his codefendant were charged, *inter alia,*

with robbery in the first degree, arising out of a December 17, 1977 robbery at gunpoint of the owner of a Brooklyn bar.

On Friday, July 14, 1978, both defendants appeared with counsel and announced that they were ready for trial. On that same date, a suppression hearing was held. At the close of the hearing, the court adjourned the matter until Monday, stating that "at that time we will pick a jury".

Both defendants appeared in court on Monday, July 17, 1978. Prior to the commencement of jury selection, they asked for and received permission to go to the men's room. They then absconded.

The record indicates that jury selection proceeded, in defendants' absence, on July 17, 18, 19 and 20. A bench warrant was issued for appellant's arrest on July 19. On July 20, the court began hearing the testimony of the People's witnesses. Both defendants were tried *in absentia* and were ultimately convicted of robbery in the first degree.

The Court of Appeals has recently held in *People v Sanchez* (65 NY2d 436) that, under the public policy considerations set forth in *Taylor v United States* (414 US 17), the courts may try a defendant *in absentia* even if his trial had not yet begun before he left the courtroom. The court in *Sanchez (supra,* at p 444) stated that: "There is no significant difference between the misconduct of a defendant who deliberately leaves the courtroom shortly after the trial begins and that of a defendant who does so after he has been told that the trial is about to begin. In either case, his conduct unambiguously indicates a defiance of the processes of law and it disrupts the trial after all parties are assembled and ready to proceed".

Such conduct constitutes a forfeiture of the defendant's right to be present at trial *(see, People v Porter,* 113 AD2d 814; *People v Suvill,* 113 AD2d 816). Thus appellant's claim that he is entitled to a new trial because he did not knowingly waive his right to be present at his trial is without merit. Gibbons, J. P., Niehoff, Rubin and Kunzeman, JJ., concur.