■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEPHEN ZALOGA, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Suffolk County (Jaspan, J.), rendered July 29, 1982, convicting him of criminal sale of a controlled substance in the first degree (two counts), criminal possession of a controlled substance in the first degree, criminal sale of a controlled substance in the second degree (two counts), criminal possession of a controlled substance in the second degree, and criminal sale of a controlled substance in the third degree (two counts), upon a jury verdict, and imposing sentence.

Judgment affirmed.

The issue of whether the affirmative defense of entrapment was established was an issue of fact for the jury *(see, e.g., People v McGee,* 49 NY2d 48, 61, *cert denied sub nom. Waters v New York,* 446 US 942; *People v Tucker,* 96 AD2d 893). Sufficient evidence was adduced at the trial from which the jury could properly conclude that defendant was predisposed to commit the offenses charged *(see, People v Isaacson,* 44 NY2d 511; *People v Joyce,* 47 AD2d 562).

In addition, while the confidential informant employed by the police during their undercover investigation had been a close personal friend of defendant for many years, the record

does not contain evidence of police brutality, coercion or deception, nor does it "reveal a brazen and continuing pattern in disregard of fundamental rights" *(People v Isaacson, supra,* at p 523; *People v Archer,* 68 AD2d 441, *affd* 49 NY2d 978, *cert denied* 449 US 839; *People v Smith,* 106 AD2d 670). Therefore, defendant's motion to dismiss the indictment on the ground that his due process rights were violated by the government's misconduct was properly denied by the trial court.

This is not one of those rare cases which on its particular facts impels the conclusion that the mandatory sentencing statutes have been unconstitutionally applied *(see, People v Broadie,* 37 NY2d 100, *cert denied* 423 US 950; *People v Mackle,* 105 AD2d 848).

We have reviewed defendant's remaining contentions and find them to be without merit. Niehoff, J. P., Lawrence, Eiber and Kooper, JJ., concur.