■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARSHALL ELLERBE, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County (Douglass, J.), rendered October 17, 1983, convicting him of robbery in the second degree (two counts) and grand larceny in the second degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

The trial court correctly permitted the trial to proceed without defendant in attendance. Defendant forfeited his right to be present when, with knowledge that the trial was to begin and that he was obligated to be present and without excuse *(cf. People v Parker,* 57 NY2d 136), he failed to appear *(see, People v Sanchez,* 65 NY2d 436).

The court properly refused to charge the jury on unauthorized use of a vehicle in the third degree as a lesser included offense of grand larceny in the second degree since it would be theoretically possible to commit the latter without concomitantly committing the former *(see,* CPL 1.20 [37]; *People v Glover,* 57 NY2d 61). Since a rational trier of fact could have found that the elements of the crimes of which defendant stands convicted were proved beyond a reasonable doubt, the People satisfied their burden of proof *(see, People v Foster,* 64 NY2d 1144, *cert denied* — US —, 106 S Ct 166). Finally, the trial court's ruling on defendant's *Sandoval* motion *(People v Sandoval,* 34 NY2d 371) did not amount to an abuse of discretion *(see, People v Duffy,* 36 NY2d 258, 262-263, *cert denied* 423 US 861) and hence does not warrant reversal. Brown, J. P., Rubin, Lawrence and Kooper, JJ., concur.