■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HECTOR VALDEZ, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Giaccio, J.), rendered January 27, 1984, convicting him of burglary in the second degree and criminal possession of stolen property in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered. Issues of fact were not raised or considered.

After both sides had rested and just prior to summations, defense counsel indicated to the court that his client had been taken ill during the luncheon recess and hence had not returned to the courtroom. The Trial Judge, noting that the taking of evidence had already been completed, elected to proceed with summations in the defendant's absence. The following day the defendant still did not return and the court thereupon charged the jury in his absence. Following the charge, defense counsel informed the court that on the previous afternoon and again that morning he had received word

that the defendant was being taken to the hospital. After hearing defense counsel's explanation, the court concluded that the defendant's nonappearance was not justified, and it issued a bench warrant for his arrest. Thereafter, the case was submitted to the jury for deliberation. The next day that court was in session a juror was ill, prompting the court to adjourn the trial. On the following day the defendant voluntarily appeared in court. Although the defendant had been provided with a Spanish interpreter throughout the trial, the court denied defense counsel's request for an interpreter, and the defendant was remanded to custody. That afternoon the jury returned with a guilty verdict.

A criminal defendant has a statutory and constitutional right to be present at all phases of the trial during which his presence has a reasonably substantial relation to the fullness of his opportunity to defend against the charge (CPL 340.50 [1]; 260.20; *People v Ciaccio,* 47 NY2d 431). At bar the trial court, acting under the erroneous belief that summations did not constitute one of those phases *(see, People v Ciaccio, supra; People v Mullen,* 44 NY2d 1), denied the defendant that right. Although it might have been reasonable for the court to infer that the defendant was aware that the trial would proceed in his absence, and thus a waiver of his right to be present could have been implied *(see, People v Ellerbe,* 115 AD2d 614, *lv denied* 67 NY2d 761; *People v Porter,* 113 AD2d 814, *lv denied* 66 NY2d 766), a trial in absentia is not automatically authorized upon the finding of a waiver *(People v Parker,* 57 NY2d 136). After being informed that the defendant had been taken ill, the court should have adjourned the trial until the following day to permit an investigation into the truthfulness of defense counsel's assertion *(see, People v Sanchez,* 65 NY2d 436; *People v Ellerbe, supra; People v Suvill,* 113 AD2d 816). The court's ultimate determination that the defendant's failure to appear was not justified had little practical value since it was made after the defendant had already been denied his right to be present at trial. Thus, the defendant's conviction is reversed and a new trial ordered. We note that the error was exacerbated when, upon his return to court, the defendant's request for an interpreter was denied. It is conceivable that, if given the opportunity, the defendant could have explained his absence.

The defendant's contention regarding the supplemental charge given by the court when the jury indicated it was unable to reach a unanimous verdict has not been preserved for our review *(see, People v Liccione,* 50 NY2d 850, *rearg*

*denied* 51 NY2d 770), and is, in any event, without merit. Thompson, J. P., Brown, Eiber and Sullivan, JJ., concur.