■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN A. GILBERT, Appellant. — Appeal from a judgment of the County Court of Rensselaer County (Clyne, J.), rendered December 29, 1981, upon a verdict convicting defendant of the crime of burglary in the second degree. Defendant was indicted for the crimes of burglary in the second degree and grand larceny in the second degree. After a trial, he was found guilty of burglary in the second degree, the only count submitted to the jury. He was sentenced to a minimum term of imprisonment of 5 years and a maximum term of 15 years. This appeal ensued and defendant raises several issues urging reversal, the most significant of which is his contention that the court erred in holding the suppression hearing and trial with defendant *in absentia*. Initially, we would note that defendant has moved to strike portions of the People's brief and appendix. Shortly after his conviction and sentencing, defendant was arrested on a bench warrant and arraigned. It is the transcript of this arraignment that defendant wishes to strike. We are of the opinion, however, that the arraignment is so inextricably related to defendant's conviction and sentencing that it is a proper part of the record. Accordingly, the motion is denied. Prior to trial, defendant sought to suppress certain written and oral inculpatory statements, and the court denied this requested relief. Thereafter, plea negotiations were commenced during which the court advised defense counsel to have defendant in court in the afternoon for a suppression hearing. At noontime, defense counsel spoke with defendant and advised him that the suppression hearing would be held that afternoon. Defendant was noncommital about attending and, in fact, failed to appear for the hearing. The court determined that defendant had voluntarily absented himself and proceeded with the hearing over objection of defense counsel. The next day, when a bench warrant failed to produce defendant, the court again determined that defendant had voluntarily absented himself and proceeded with the trial. A defendant has a constitutional and statutory right to be present at his trial (US Const, 6th Amdt; NY Const, art I, § 6; CPL 260.20, 340.50) and this right has been extended to pretrial suppression hearings (*People v Anderson*, 16 NY2d 282; *People v Burts*, 64 AD2d 283). To try a defendant *in absentia*, it must be established that there is a knowing, voluntary and intelligent waiver by the defendant to be present at trial (*People v Parker*, 57 NY2d 136, 140). Such is not the case here. The record does not demonstrate that defendant was advised that, in his absence, the trial would proceed without him. The only communication with defendant which appears in the record is a telephone conversation with defense counsel at noontime the day before trial in which defendant was told that a hearing was scheduled that afternoon. It does not appear that defendant was informed of the consequences of his failure to appear at either the suppression hearing or the trial. Nor is there any indication in the present record of an implied waiver. Consequently, it was improper to conduct the hearing and to try

defendant *in absentia* (see *People v Parker, supra; People v Thompson,* 94 AD2d 898). The judgment, therefore, must be reversed. In view of this conclusion, defendant's remaining contentions concerning the suppression of evidence, the admissibility of evidence, and the imposition of sentence need not now be reached. Judgment reversed, on the law, and a new trial ordered. Sweeney, J. P., Casey, Yesawich, Jr., Weiss and Levine, JJ., concur.