■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JULIO RODRIGUEZ, Appellant. — Judgment of the Supreme Court, Bronx County (L. Tonetti, J.), rendered May 29, 1981, convicting defendant, after a trial by jury, of attempted robbery in the first degree, and sentencing him to an indeterminate term of imprisonment of 2⅓ to 7 years, is unanimously reversed, on the law, and the matter remanded for a new trial. ¶ Defendant was charged with one count of attempted robbery in the first degree and a second count of criminal possession of a weapon in the fourth degree. He failed to appear on the date set for trial and was thereafter tried *in absentia*. The second count was dismissed by the court after the People's case, and defendant was convicted of attempted robbery in the first degree. He was sentenced *in absentia*. ¶ The indictment against defendant was filed on March 14, 1980. Both sides had been ready to proceed for some time and yet the trial was inexplicably delayed. Almost a year after the indictment, on March 10, 1981, the Administrative Judge referred the case to Part 82. The next day the defendant appeared in Part 82 with his lawyer but the case was not called. Both sides were asked to appear the following morning. Counsel appeared on March 11 without defendant. The court was completing a nonjury trial and adjourned the matter to the afternoon. In the afternoon, an associate of defendant's counsel appeared without defendant. At that time the court conceded that it did not make any specific direction to the defendant that he was required to appear on the adjourned date. It noted that defendant's counsel represented that he would advise his client of the necessity to be present. The court then observed that it *thought* that defendant's counsel indicated that the defendant had gone back to his

office, where it was agreed the associate would act as trial counsel. The court drew from this the inference that defendant was well aware of his obligation to be present. However, the next day, March 12, the court observed as to the substitution of counsel that "this representation or substitution, if you will, was never discussed with the defendant personally." At the afternoon call of the case, counsel indicated the defendant's mother had been contacted. She was to contact the father, who was to visit or leave a message at the defendant's apartment. The prosecutor indicated that her investigator visited the apartment at 11:00 A.M. without success. ¶ On March 13, counsel told the court that the defendant's father "gave the name of Mary Ellen * * * with a telephone number evidently * * * connected with the Public Health Services. The father * * * heard his son was walking around with an infectious disease." Counsel called the number and learned that on February 20 the defendant "appeared * * * with a skin condition." The health services was "following it up." At the hearing conducted in the afternoon, the District Attorney's investigator said he had visited the defendant's apartment without success at 11:00 A.M. the day before and again "this afternoon." The superintendent's daughter told the investigator that she had seen the defendant "two days ago." The owners of the defendant's last known address said there was no resident with the defendant's surname. A second investigator checked hospitals throughout the city without result. Counsel then stated that his earlier reference to the defendant's infectious disease concerned the defendant's visit to St. Claire's Hospital for rubella (St. Claire's was one of the hospitals that the investigator had called without receiving any information). ¶ In recapping the events, the court noted that the defendant had been "popping his head in and out on March 10" and that the defendant and members of his family had gone to counsel's office on March 11. The court said "that counsel — an officer of the court — indicated as of the evening of March 10th in [counsel's office] the defendant was specifically apprised of the necessity of being in court the following morning to proceed to trial", and ruled the defendant's absence was willful. The court then adjourned the case to the following Monday, in order to give the defendant "the benefit of every conceivable doubt". On Monday, the defendant failed to appear and the trial commenced. ¶ The Court of Appeals has noted that the key issue in deciding the validity of a waiver of one's right to be present at a criminal trial is whether the defendant knowingly, voluntarily and intelligently relinquished his known right (*People v Epps,* 37 NY2d 343, 350). ¶ In *People v Parker* (57 NY2d 136, 141), a situation very much like our own, in which defendant did not appear for trial on the date fixed for trial, the Court of Appeals held: "In order to effect a voluntary, knowing and intelligent waiver, the defendant must, at a minimum, be informed in some manner of the nature of the right to be present at trial and the consequences of failing to appear for trial (see *Schneckloth v Bustamonte,* 412 US 218, 243-244; *Brady v United States,* 397 US 742, 748)". ¶ It is apparent that this test was not met herein. The record is barren of any indication that defendant was aware that his trial would proceed in his absence. The court never personally spoke to defendant prior to trial. Nevertheless, it concluded that defendant was "well aware of his need to be here" because of "certain discussions" he had held with his attorney concerning substitution of counsel. The court acknowledged, however, at another point, that the substitution was never discussed with defendant "personally." ¶ Therefore, it is not clear that defendant was actually advised or even aware of the trial date. Furthermore, as noted, he had been regularly coming to court for about a year and the case had been ready for trial for some time. Thus, it is quite possible defendant expected yet another delay. ¶ Even assuming defendant's knowledge of the trial date, there can be no finding that he voluntarily, knowingly and intelligently relinquished his right

to be present at trial. He did not explicitly relinquish it and there is nothing in the record to provide a basis for implying waiver from the circumstances (*People v Parker, supra*). Concur — Sandler, J. P., Carro, Asch, Silverman and Fein, JJ.