OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed and a new trial ordered.
The record is devoid of evidence that defendant was informed that trial and sentencing would proceed in his absence. Although defendant was advised by counsel that pretrial hearings were scheduled to commence on a certain date *727 and the trial thereafter, there is no indication in the record that defendant was warned of the consequences of his failure to appear. Hence, there is no basis for finding a "voluntary, knowing and intelligent waiver of the right to be present at trial” and sentencing (People v Parker, 57 NY2d 136, 141).
Additionally, defendant’s conduct did not "unambiguously indicate a defiance of the processes of law” sufficient to constitute a forfeiture (People v Sanchez, 65 NY2d 436, 444). Defendant did not leave the courtroom after trial had begun nor did he abscond shortly after being informed that trial was ready to begin (compare, People v Corley, 67 NY2d 105; People v Smith, 66 NY2d 755; People v Sanchez, supra). Rather, the record indicates only that, several days in advance, defendant was informed of the date the proceedings were to commence, and that he failed to appear.
Chief Judge Wachtler and Judges Meyer, Simons, Kaye, Alexander and Hancock, Jr., concur in memorandum; Judge Titone taking no part.
On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order reversed, etc.