■ The People of the State of New York, Respondent, v Leonard E. Hooper, Appellant.—Appeal by the defendant from two judgments of the County Court, Westchester County (Nicolai, J.), both rendered May 24, 1985, convicting him of rape in the first degree under indictment No. 84-00993 and burglary in the second degree under indictment No. 84-00994, upon his pleas of guilty, and imposing sentences.

Ordered that the judgments are affirmed.

On April 3, 1985, the defendant knowingly and voluntarily pleaded guilty to rape in the first degree and burglary in the second degree in satisfaction of two separate indictments. At the time of his pleas, the defendant was promised that he would be sentenced as a second felony offender to concurrent indeterminate terms of from 12 to 24 years' imprisonment and from 3 to 6 years' imprisonment respectively. Prior to the date

set for sentencing, the defendant allegedly moved *pro se* to vacate the judgments not yet entered pursuant to CPL 440.10, which motion the court treated as one to withdraw his pleas pursuant to CPL 220.60. The motion was made upon a form containing only bare and conclusory allegations. The sentencing court adjourned the sentencing and the hearing with respect to the motion to May 24, 1985, to permit defense counsel and the District Attorney, who had not been served with the *pro se* motion, to submit proper papers. Prior to May 24, 1985, the defendant escaped from the Westchester County jail.

On May 24, 1985, the Sentencing Judge, who was the same Judge who accepted the pleas, denied the defendant's motion to withdraw his pleas, finding that (1) the defendant, by absconding, had forfeited his right to have his motion determined by the court, and (2) the pleas were knowingly and voluntarily entered. The District Attorney, who had previously served and filed a second felony offender statement pursuant to CPL 400.21 (2), provided the court with certificates of conviction relating to at least one prior felony conviction. The court then imposed sentence as had been agreed upon at the time of the pleas. The defendant, who was eventually captured, appeals on the grounds that the court erred in denying his motion to withdraw his pleas, in finding him to be a prior felony offender and in sentencing him in absentia. We affirm.

By absconding prior to sentencing, the defendant unambiguously indicated a defiance of the processes of law sufficient to effect a forfeiture of his right to be present at sentencing *(see, People v Corley,* 67 NY2d 105), and the sentencing court properly sentenced him in absentia. Further, the court did not err in denying the defendant's motion to withdraw his pleas *(see, People v Corley, supra; People v Brundage,* 83 AD2d 579; *People v Stubbs,* 110 AD2d 725). Lastly, even in the defendant's absence, the court properly determined that he was a second felony offender *(see, People v Seppinni,* 119 Misc 2d 125). Thompson, J. P., Lawrence, Eiber and Spatt, JJ., concur.