(October 27, 1988)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NATHANIEL McKINNIES, Appellant.—Kane, J. Appeal from a judgment of the County Court of Ulster County (Vogt, J.), rendered January 15, 1985, upon a verdict convicting defendant of the crime of robbery in the first degree.

Defendant, along with his codefendant, was indicted for the crime of robbery in the first degree, arising out of a January 27, 1979 robbery of an employee of a liquor store located in the community of Highland, Ulster County. On October 3, 1979, defendant and codefendant appeared along with their attorneys at the calendar call. At that time, County Court announced that the matter was scheduled for trial, and counsel for both sides announced their readiness for trial. The court then indicated that it would immediately hold a *Wade* hearing and that jury selection for trial would commence the next morning. Defendant was present with his attorney when the court made this statement. The *Wade* hearing was then begun although it did not conclude by the end of the day.

On the following day, October 4, 1979, defendant failed to appear in court. County Court issued a bench warrant and forfeited defendant's bail. The court determined that since defendant knew the case was proceeding immediately to trial at the conclusion of the hearing, defendant's absence was willful and voluntary and, therefore, the hearing would be resumed without him. At the conclusion of the hearing, the court rendered a decision on the suppression motion. It again

reiterated that as it had given the parties every indication that trial would begin that morning and since defendant was aware of that fact, the trial would be conducted in defendant's absence. County Court did, however, give defendant's attorney an additional two hours to locate defendant. Defendant could not be found and the trial proceeded without defendant being present. He was subsequently convicted in absentia for the crime of robbery in the first degree as charged in the indictment.

On this appeal, defendant claims that his constitutional right to be present at his trial was violated (see, US Const 6th Amend; NY Const, art I, § 6). For support, he cites *People v Parker* (57 NY2d 136). In that case, the Court of Appeals held that because the defendant was not warned that upon her failure to appear the trial would proceed in her absence, she had not effected a voluntary, knowing and intelligent waiver of her right to be present, and, therefore, could not be tried in absentia (supra, at 141). However, in *Parker* the defendant had never appeared before the court (see also, *People v Smith*, 68 NY2d 725, 726).

In contrast, in this case, defendant did appear before County Court and although defendant claims otherwise, the record clearly shows that defendant was informed by the court that the trial would commence immediately after the *Wade* hearing. Thus, defendant's situation is governed instead by *People v Sanchez* (65 NY2d 436). There, the Court of Appeals specifically determined that in situations such as the instant case, where a defendant leaves the courtroom after being told when trial would begin, a forfeiture of his right to be present occurs (supra, at 443-444). The court in *Sanchez* distinguished *Parker* by noting that in these types of cases, the question was not one of waiver, which involves a defendant's state of mind, but rather one of forfeiture, which occurs by operation of law (supra, at 443-444; see, *Taylor v United States*, 414 US 17).

Here, defendant was present at calendar call and was made aware that his trial would begin after the hearing. Therefore, by failing to appear, he forfeited his right to be present at trial (see, *People v Smith*, 66 NY2d 755, 756; *People v Wilson*, 113 AD2d 909, 910, *lv denied* 66 NY2d 768). As to defendant's remaining contention that the People failed to establish beyond a reasonable doubt that he was one of the perpetrators of the charged robbery, upon our review of the record we find this claim totally lacking in merit.

Judgment affirmed. Mahoney, P. J., Kane, Casey, Yesawich, Jr., and Mercure, JJ., concur.