■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v IRVING GAINES, Appellant.—Judgment unanimously reversed on the law and new trial granted, in accordance with the following memorandum: On appeal from a judgment convicting him of robbery in the third degree and grand larceny in the third degree, defendant contends that the court erred in conducting a pretrial hearing in his absence. We agree and reverse defendant's conviction.

A defendant has a right to be present at all critical stages of trial, i.e., all stages at which his presence has a reasonably substantial relation to the fullness of his opportunity to defend against the charge *(People v Ciaccio,* 47 NY2d 431, 436; *People v Valdez,* 135 AD2d 761, 762; *see,* CPL 260.20, 340.50). For these purposes, the definition of "trial" encompasses pretrial hearings on motions to suppress evidence *(People v Anderson,* 16 NY2d 282, 286-287; *People v Gilbert,* 96 AD2d 648). Although the right to be present may be waived, such waiver must be tested according to constitutional standards *(see, People v Parker,* 57 NY2d 136, 140-141). A defendant must be informed in some manner of the nature of his right to be present and the consequences of a failure to appear *(see, People v Parker, supra,* at 141). A waiver will not be found merely because defendant failed to appear even though apprised that pretrial or trial proceedings commence on a certain date *(see, People v Smith,* 68 NY2d 725, 726-727; *People v Trendell,* 61 NY2d 728, 729; *People v Rodriguez,* 102 AD2d 769, 770; *People v Gilbert, supra).*

Here, the *Wade/Huntley* hearing was held in defendant's absence without his being personally apprised by the court of the nature of his right to be present or the consequences of his failure to exercise that right *(see, People v Anderson, supra; People v Gilbert, supra).* Since waiver cannot be inferred merely from the fact that defendant failed to appear *(see, People v Smith, supra; People v Rodriguez, supra; People v*

*Gilbert, supra),* the only issue is whether defense counsel's representations to the court were sufficient to support a finding that defendant knew the hearing would be held that day, was aware of the nature of his right to be present and the consequences of his failure to appear.

Preliminarily, we note that the court did not expressly find that defendant had validly waived his right to be present, but merely purported to grant counsel's waiver of that right on behalf of defendant *(see, People v Parker, supra,* at 141). Counsel did not assert, except in conclusory terms, that defendant understood his right and was waiving it. Counsel did not tell the court what defendant had been told concerning the nature of his right to be present and there was nothing from which the court could have inferred that defendant understood that his presence might be helpful to his defense *(see, People v Anderson, supra,* at 287-288). Further, counsel recited no facts indicating that defendant unequivocally relinquished his right to be present. Finally, the record is ambiguous whether counsel personally spoke with defendant to advise him of his right to be present. At the outset of the *Wade* hearing, counsel stated that she had spoken to defendant but, in response to the court's inquiry, seemed to say that she had actually spoken with defendant's mother and grandmother. The record is thus insufficient to support a finding that defendant knowingly and intelligently waived his right to be present at the pretrial hearing *(People v Smith, supra; People v Anderson, supra; People v Rodriguez, supra).* (Appeal from judgment of Monroe County Court, Celli, J.—robbery, third degree; grand larceny, third degree.) Present—Dillon, P. J., Denman, Green, Lawton and Davis, JJ.