■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT SANTIAGO, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Heller, J.), rendered March 10, 1986, convicting him of burglary in the third degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is modified, on the law, by vacating the sentence imposed; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Kings County, for resentencing.

Under circumstances of this case, the defendant did not forfeit his right to be present at sentencing. The defendant was told on February 5, 1986, when he pleaded guilty, that sentencing would occur on March 10, 1986. His failure to appear on that date almost five weeks later did not " 'unambiguously indicate a defiance of the process as of law' " *(People v Smith,* 68 NY2d 725, 727, quoting from *People v Sanchez,* 65 NY2d 436, 444). Hence, the defendant's sentence must be vacated and the matter remitted to the Supreme Court, Kings County, for resentencing.

In remitting the matter for resentencing, we do not pass upon the propriety of the sentence imposed. Kunzeman, J. P., Rubin, Harwood and Balletta, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PATRICIA SCHIEBEL, Appellant.—Appeal by defendant, as limited by her brief, from an amended sentence of the County Court, Rockland County (Nelson, J.), imposed October 4, 1988, upon a finding that she had violated conditions of probation, the sentence being six months' imprisonment upon her previous conviction of grand larceny in the second degree.

Ordered that the amended sentence is affirmed, and the matter is remitted to the County Court, Rockland County, for further proceedings pursuant to CPL 460.50 (5).

There is no basis for modifying the amended sentence of incarceration *(see,* Penal Law § 60.01; *see also, People v Suitte,* 90 AD2d 80). The defendant was advised when she was originally sentenced to a term of probation that a violation of its conditions could result in imprisonment. Her subsequent violations of those conditions were twice excused by the County Court. Mollen, P. J., Lawrence, Kooper and Harwood, JJ., concur.