■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HAYWOOD A. HINTON, Also Known as AMEER ALI HASAN, Also Known as SHAMSHOD HAQ, Appellant.—Weiss, J. Appeal from a judgment of the County Court of Broome County (Monserrate, J.), rendered February 3, 1988, upon a verdict convicting defendant of the crime of scheme to defraud in the first degree.

Defendant was held in the Broome County Jail for approximately 10 months on an indictment charging five counts of criminal possession of a forged instrument in the second degree, one count of forgery in the second degree and one count of scheme to defraud in the first degree. Defendant made allegations to County Court that he had been kept in jail alone without clothing and stated that he would only appear in court in his underwear. He was permitted to attend most pretrial proceedings wearing only underwear but covered by a sheet. When the case was reached for trial on January 12, 1988, County Court deemed defendant's unwillingness to appear properly clothed to constitute a waiver of his right to be present at his trial. Defendant was tried in absentia and acquitted on all forgery charges but found guilty of scheme to defraud in the first degree.

On this appeal, defendant first claims that his constitutional right to be present at his trial was violated *(see,* US Const 6th Amend; NY Const, art I, § 6). He urges that he was never disorderly or disruptive, nor was he ever removed from the courtroom; instead, he was told by his attorney that County Court would not allow him to attend the trial unless fully

clothed and that if he persisted in coming dressed in a sheet, the trial would proceed in his absence. Defendant contends that he never made a knowing, voluntary and intelligent waiver of his right to be present at trial as required by *People v Parker* (57 NY2d 136), and that the record fails to demonstrate that he was notified by the court that the trial would proceed in his absence *(see, People v Gilbert,* 96 AD2d 648; *People v Thompson,* 94 AD2d 898, 899).

In *People v Parker (supra),* since the defendant had never appeared in court and was never warned that the trial would proceed in her absence, a voluntary, knowing and intelligent waiver could not be shown and, therefore, the defendant could not be tried in absentia. However, in this case, defendant had been in County Court on more than one occasion and, despite his claims to the contrary, the record clearly shows that his attorney informed him of the court's decision that he could not attend the trial in his underwear covered by a sheet and that the trial would proceed in his absence. In addition, there was sufficient dialogue between defendant and both the court and his attorney from which a waiver could be implied by his conduct *(see, People v Whitehead,* 143 AD2d 1066, 1067; *see also, People v Sanchez,* 65 NY2d 436, 443-444). The record contains counsel's report to the court of defendant's position *(cf., People v Gaines,* 144 AD2d 941, 942).

The case of *People v Sanchez (supra)* contains an appropriate response to defendant's argument. " ' "The question is one of broad public policy, whether an accused person, placed upon trial for crime * * * can with impunity defy the processes of that law, paralyze the proceedings of courts and juries and turn them into a solemn farce" ' " *(supra,* at 443, quoting *Diaz v United States,* 223 US 442, 457-458, quoting *Falk v United States,* 15 DC App 446, 460, *cert denied* 181 US 618). As this court recently held in *People v McKinnies* (144 AD2d 178), where a defendant has been in the courtroom and been made aware of the consequences of his failure to properly appear for trial, he forfeits his right to be present at trial.

We similarly reject as meritless defendant's second contention, that the indictment should have been dismissed because an address book taken from him at the time of his arrest was lost while he was in custody. Defendant argues that the book contained names and addresses of persons he would call as alibi witnesses. However, even though provided with additional time and assistance to locate these persons and even after he was given a photocopy of the pages in the book under the letter "S", defendant failed to contact the persons listed to

testify as witnesses. The choice of an appropriate sanction against the prosecution, absent a finding of good-faith efforts to preserve otherwise discoverable evidence, is left to the sound discretion of the trial court. The drastic remedy of dismissal should not be invoked where less severe measures would rectify the harm caused by the loss of the evidence *(People v Kelly,* 62 NY2d 516, 521). Moreover, defendant was acquitted on all charges to which an alibi defense would have been appropriate.

Judgment affirmed. Mahoney, P. J., Kane, Casey, Weiss and Harvey, JJ., concur.