■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLOS SANTIAGO, Appellant.—

On April 4, 1984, at approximately 4:45 A.M., two police officers observed a vehicle traveling southbound on Fourth Avenue in Brooklyn. After this vehicle made a turn without signalling, the police gave pursuit and stopped the vehicle approximately 20 blocks later. As one officer approached the vehicle, she observed the driver pointing a gun at her. She alerted her partner that one of the car's occupants was armed and, after the driver lowered his weapon, the other officer observed a gun in the defendant's waistband and ordered the defendant to exit the vehicle. Following the voir dire of the jury, the defendant absconded. After a hearing pursuant to *People v Parker* (57 NY2d 136), the trial commenced in his absence. Following the jury's verdict the defendant was sentenced in absentia as a second violent felony offender.

The defendant challenged the introduction of police testimony concerning the actions of the driver. However, it is well established that testimony which is necessary for the jury to understand the sequence of events and to avoid speculation is admissible to complete a narrative of the episode *(see, People v Gines,* 36 NY2d 932; *People v Acevedo,* 32 NY2d 941; *People v Quesada,* 118 AD2d 604; *People v Short,* 110 AD2d 205; *People v Love,* 92 AD2d 551). In any event, even if there was error in the admission of this testimony, the court's comprehensive and frequent instructions ameliorated any potential for prejudice *(see, People v Berg,* 59 NY2d 294).

Addressing the defendant's argument that he was improperly tried in absentia, we note that the defendant absconded during the voir dire of the jury and, as he had previously signed a knowing, voluntary and intelligent waiver of his rights to be present at trial if he absented himself, we find that the defendant's conduct constituted a forfeiture of his right to be present at trial *(see, People v Smith,* 68 NY2d 725; *People v Sanchez,* 65 NY2d 436; *People v Parker,* 57 NY2d 136, *supra; People v Wilson,* 113 AD2d 909).

With respect to the defendant's claim that he was denied the effective assistance of counsel, we note that the defendant's sole expression of dissatisfaction with counsel's representation concerns the quality of the summation. While the summation was somewhat confusing, counsel did urge that the testimony of the police officers "stretches reason" and asked that the jury heed the court's instructions that the absence of the defendant at trial was not a factor to be considered in arriving at a verdict. A review of counsel's tactics show that he made numerous pretrial motions, effectively cross-exam-

ined the People's witnesses, made objections to the testimony concerning the driver's possession of a weapon, moved for dismissal and a mistrial and urged that the theory of the prosecution was untenable. Viewing counsel's performance in its totality, we conclude that the defendant received meaningful representation (see, *People v Satterfield*, 66 NY2d 796; *People v Baldi*, 54 NY2d 137; *People v Aiken*, 45 NY2d 394; *People v Vanterpool*, 143 AD2d 282).

Just as a defendant may, through his willful conduct, waive his presence at trial, so too may he waive his right to be present at sentencing (see, *People v Smith*, 68 NY2d 725, *supra; People v Corley*, 67 NY2d 105; *People v Sanchez*, 65 NY2d 436, *supra*). Further, it is not improper to adjudge the defendant a second violent felony offender in absentia (see, *People v Hooper*, 133 AD2d 347; *People v Seppinni*, 119 Misc 2d 125). Pursuant to CPL 400.15 (2), the People are required to file a statement that the defendant has been previously subjected to a predicate felony conviction and such statement must set forth the date and place of each alleged predicate felony conviction. In the instant case, the record reflects that the court clerk noted that the People had filed a statement that the defendant was previously convicted and sentenced for a predicate felony and might be sentenced as a second violent felony offender under Penal Law § 70.04. Defense counsel was then shown the documentation. As there was no objection to the adjudication of the second violent felony offender status, this was deemed admitted and there was no requirement that a hearing be held (see, CPL 400.15 [4]). We conclude that the defendant was properly sentenced as a second felony offender. Lawrence, J. P., Rubin, Sullivan and Balletta, JJ., concur.