■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY A. CHIARENZA, Appellant.—Judgment unanimously reversed on the law and new trial granted. Memorandum: On appeal from a judgment convicting him of criminal sale of a controlled substance in the first degree *(see,* Penal Law § 220.43 [1]) and criminal possession of a controlled substance in the first degree *(see,* Penal Law § 220.21 [1]), defendant contends that the suppression court committed reversible error when it conducted pretrial hearings in his absence. We agree.

It is well established that a defendant has a statutory and constitutional right to be present at all critical stages of trial whenever his presence has a relation, reasonably substantial, to the fullness of his opportunity to defend against the charge (US Const 6th Amend; NY Const, art I, § 6; CPL 340.50 [1]; 260.20; *Snyder v Massachusetts,* 291 US 97, 105-106; *People v Ciaccio,* 47 NY2d 431, 436). The definition of "trial" encompasses pretrial hearings on motions to suppress evidence *(People v Anderson,* 16 NY2d 282, 286-287; *People v Gaines,* 144 AD2d 941). Although a defendant may waive the right to be present *(Diaz v United States,* 223 US 442; *People v Byrnes,* 33 NY2d 343), such waiver "must be tested according to constitutional standards" *(People v Parker,* 57 NY2d 136, 140). Thus, the issue is whether "defendant knowingly, voluntarily and intelligently relinquished his known right" *(People v Parker, supra,* at 140). "A defendant must be informed in some manner of the nature of his right to be present and the consequences of a failure to appear" *(People v Gaines, supra,* at 941).

Here, the record does not reflect that defendant was informed of the date of the pretrial hearings. Further, there has been no showing that the court apprised him of the nature of his right to be present or the consequences of his failure to exercise that right. Upon being informed by defense counsel that defendant was "not coming", the court summarily "dis-

pense[d] with the appearance of'" defendant. Thus, the record is clearly insufficient to support a finding that defendant knowingly, voluntarily and intelligently waived his right to be present at the pretrial hearings.

In view of our determination, we do not address defendant's remaining contentions. (Appeal from judgment of Ontario County Court, Reed, J.—criminal sale of controlled substance, first degree.) Present—Callahan, J. P., Doerr, Denman, Lawton and Davis, JJ.