■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY RUSSO, Appellant.—Appeal by the defendant from (1) a judgment of the Supreme Court, Kings County (Broomer, J.), rendered August 26, 1988, convicting him of assault in the first degree, upon a jury verdict, and imposing sentence under Indictment No. 6156/87, and (2) an amended judgment of the same court (Marano, J.), also rendered August 26, 1988, revoking a sentence of probation previously imposed by the same court, upon a finding that the defendant had violated a condition thereof, and imposing a sentence of imprisonment upon his previous conviction of criminal possession of a weapon in the third degree under Indictment No. 8749/86.

Ordered that the judgment and amended judgment are affirmed.

On June 17, 1987, the complainant went to the Maple Lanes

bowling alley in Brooklyn to speak to the defendant concerning a report made to the complainant by the complainant's son that the defendant, who had previously assaulted the son, planned to beat the son up again. The complainant was himself assaulted by the defendant and his brother, the codefendant Michael Russo, as he was waiting in the bowling alley parking lot. The codefendant punched the complainant twice in the back of his head and the defendant struck the complainant twice with a car jack, once in the head and second time on his left arm.

The defendant contends that the trial court erred in admitting testimony concerning his alleged prior assault on the complainant's son. We disagree. It is well established that testimony which is necessary for the jury to understand the sequence of events is admissible to complete a narrative of the episode (see, People v Gines, 36 NY2d 932; People v Santiago, 158 AD2d 629). The challenged evidence was clearly admissible as background material (see, People v Escobar, 131 AD2d 500). In any event, even if there was error in the admission of this testimony, the court's prompt instructions avoided any potential for prejudice (see, People v Gibbs, 59 NY2d 930, 932; People v Santiago, supra).

Furthermore, we find no error in the court's interested witness charge. The court gave the standard instruction that the jury could consider whether any witness had an interest in the outcome of the case which might affect his or her testimony and that merely because a witness was interested did not mean that he or she was not telling the truth (see, People v Agosto, 73 NY2d 963). The court properly instructed the jury that the question of a witness's interest was a question of fact for its determination (see, People v Reyes, 118 AD2d 666). The court did not err in refusing to charge that the complainant was interested as a matter of law (see, People v Luberoff, 150 AD2d 802).

We have considered the defendant's remaining contentions and find them to be either unpreserved for appellate review or without merit. Thompson, J. P., Lawrence, Harwood and Balletta, JJ., concur.