◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DENNIS J. BROCKENSHIRE, Appellant. [602 NYS2d 459] —Judgment unanimously reversed on the law and indictment dismissed without prejudice to the People to re-present any appropriate charges under counts one, three, four and five of indictment to another Grand Jury. Memorandum: Defendant had an absolute right to be present at the *Sandoval* hearing *(see, People v Sandoval,* 34 NY2d 371) that was conducted in his absence *(see, People v Cruz,* 81 NY2d 738, 739; *People v Beasley,* 80 NY2d 981, 982, *rearg denied* 81 NY2d 759; *People v Gebrosky,* 80 NY2d 995, 996; *People v Dokes,* 79 NY2d 656, 662). Defense counsel's consent to defendant's absence does not permit an inference that defendant knowingly, voluntarily, and intelligently relinquished his right to be present at the *Sandoval* hearing *(see, People v Parker,* 57 NY2d 136, 140; *People v Chiarenza,* 163 AD2d 900, *lv denied* 76 NY2d 892; *People v Gaines,* 144 AD2d 941; *cf., People v Carey,* 187 AD2d 942, *lv denied* 81 NY2d 838). Defense counsel did not tell the court what defendant had been told concerning the nature of his right to be present, nor did the court make an express finding that defendant had validly waived his right to be present *(see, People v Gaines, supra).* Inasmuch as defendant was convicted of the lesser included offenses of manslaughter in the second degree under count one of the indictment and three counts of reckless endangerment in the second degree under counts three, four and five, the indictment is dismissed without prejudice to the People to re-present any appropriate charges under those counts to another Grand Jury *(see, People v Gonzalez,* 61 NY2d 633, 635; *People v Grant,* 197 AD2d 910 [decided herewith]). In light of our conclusion, it is unnecessary to reach the remaining issues raised by defendant in his *pro se* supplemental brief. (Appeal from Judgment of Cattaraugus County Court, Kelly, J.—Manslaughter, 2nd Degree.) Present—Denman, P. J., Balio, Fallon, Doerr and Davis, JJ.