[609 NYS2d 497]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CURTIS SPOTFORD, Appellant.

Fourth Department, March 11, 1994

APPEARANCES OF COUNSEL

*Edward J. Nowak,* Rochester *(Stephen Bird* of counsel), for appellant.

*Howard R. Relin, District Attorney* of Monroe County, Rochester *(Wendy Lehmann* of counsel), for respondent.

## OPINION OF THE COURT

GREEN, J. P.

In *People v Dokes* (79 NY2d 656), the Court of Appeals held that the *Sandoval* hearing is a material stage of the trial at which the defendant's presence is required, unless the circumstances render such presence superfluous. Violation of the defendant's right to be present ordinarily requires reversal even in the absence of a timely objection *(People v Dokes, supra,* at 662; *see also, People v Favor,* 82 NY2d 254, 258).

The principal issues on this appeal are whether defendant's presence is similarly required at a pretrial hearing conducted pursuant to *People v Ventimiglia* (52 NY2d 350) and, if so, whether the right to be present at the hearing was effectively waived by defense counsel. We hold that defendant's right to be present at all material stages of the trial was violated when the court conducted the *Ventimiglia* hearing in defendant's absence and that counsel's purported waiver of that right was ineffective.

I

Defendant was charged with two counts of assault in the first degree as the result of an altercation with his girlfriend and her mother. Prior to trial, the People served notice of their intent to offer evidence of four prior uncharged crimes involving assaults and threats by defendant against his girlfriend. Defendant sought an order precluding the use of that evidence. A conference was held, pursuant to *People v Ventimiglia (supra),* during which the court heard counsels' arguments concerning the admissibility of the evidence. Defendant was not present. Defense counsel advised the court that her attempt to inform defendant of the hearing date was unsuccessful, and she agreed to proceed in defendant's absence. Following the hearing, the court ruled that the People could

not present evidence of defendant's uncharged bad acts in its direct case, but could offer them in rebuttal on the issues of mistake, accident, justification or intent.

## II

A defendant has the right to be present at all material stages of the trial *(People v Turaine,* 78 NY2d 871; *People v Velasco,* 77 NY2d 469; *People v Mullen,* 44 NY2d 1, 4-5). In determining whether a particular proceeding is a material stage of the trial at which the defendant's presence is required, "a key factor is whether the proceeding involved factual matters about which defendant might have peculiar knowledge that would be useful in advancing the defendant's or countering the People's position" *(People v Dokes, supra,* at 660). The *Ventimiglia* hearing in this case was such a proceeding.

The purpose of the *Ventimiglia* hearing was to determine whether the People would be permitted to introduce evidence of four uncharged crimes, either in their direct case or in rebuttal *(see, People v Ventimiglia, supra).* Before allowing admission of that evidence, the trial court was required to determine whether it was relevant to the crimes charged *(see, People v Ventimiglia, supra,* at 359; *People v Allweiss,* 48 NY2d 40, 47; *People v Molineux,* 168 NY 264, 293) and whether its probative value exceeded the possible prejudice resulting to defendant *(see, People v Alvino,* 71 NY2d 233, 242).

Defendant's potential for meaningful participation during the *Ventimiglia* hearing is apparent. The hearing involved four uncharged crimes dating as far back as 1981. Defendant was in the best position to deny or controvert the allegations with respect to the uncharged crimes, to point out errors in the prosecutor's account, and to provide counsel with details of the underlying facts *(see, People v Dokes, supra,* at 661). "In short, the defendant's presence will help to ensure that the court's determination will not be predicated on the prosecutor's 'unrebutted view of the facts' *(People v Ortega,* 78 NY2d 1101, 1103)" *(People v Dokes, supra,* at 661).

We reject the People's contention that defendant's presence at the *Ventimiglia* hearing would have been superfluous. The outcome of the proceeding was not wholly favorable to defendant *(see, People v Michalek,* 82 NY2d 906; *People v Favor,* 82 NY2d 254, 267, *supra)* and "the surrounding circumstances do

not negate the possibility that defendant might have made a meaningful contribution to the colloquy" *(People v Favor, supra,* at 267; *see also, People v Alexander,* 80 NY2d 801; *People v Beasley,* 80 NY2d 981; *People v Turaine,* 78 NY2d 871, *supra).*

## III

A defendant in a criminal case may waive the right to be present at all material stages of the trial *(see, People v Parker,* 57 NY2d 136), including the *Ventimiglia* hearing *(see, People v Favor, supra,* at 268). No valid waiver occurred in this case. Although the court gave a general *Parker* warning regarding defendant's right to be present at trial and the consequences of the failure to appear for trial *(see, People v Parker, supra,* at 141), there is no indication that defendant was informed that the *Ventimiglia* hearing would be held or that he had a right to be present at that proceeding. As a result, there is no basis for finding that defendant knowingly, voluntarily and intelligently waived his right to be present *(see, People v Smith,* 68 NY2d 725; *People v Chiarenza,* 163 AD2d 900, *lv denied* 76 NY2d 892).

Nor was defendant's right to be present effectively waived by defense counsel. The right to be present at trial is " 'absolute and unequivocal' and cannot be waived by defense counsel" *(People v Lopez,* 156 AD2d 476, *lv denied* 75 NY2d 921, quoting *People v Mehmedi,* 69 NY2d 759, 760). Absent any indication that defendant subsequently ratified counsel's agreement to proceed with the *Ventimiglia* hearing in his absence, counsel's purported waiver of defendant's right to be present is a nullity *(see, People v Carr,* 168 AD2d 213, 214; *see also, People v Amato,* 172 AD2d 545, 545-546; *cf., People v Windley,* 134 AD2d 386, 387).

We have examined the contention, in defendant's *pro se* supplemental brief, that the People failed to disprove the justification defense and find it to be without merit. In view of our decision, we do not address defendant's remaining contention.

Accordingly, the judgment should be reversed. Inasmuch as defendant was convicted of the lesser included offense of assault in the second degree under count two of the indictment, the indictment should be dismissed without prejudice to the People to re-present any appropriate charges under that count to another Grand Jury *(see, People v Gonzalez,* 61 NY2d

633, 635; *People v Hall,* — AD2d —, 1994 NY Slip Op — [4th Dept, Feb. 4, 1994]).

PINE, CALLAHAN, DOERR and BOEHM, JJ., concur.

Judgment unanimously reversed, on the law, and indictment dismissed, without prejudice to the People to re-present any appropriate charges under count two of indictment to another Grand Jury.