■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROY SNELL, Appellant. [612 NYS2d 1005] —Case held, decision reserved, and matter remitted to Monroe County Court for further proceedings in accordance with the following Memorandum: On appeal from a conviction of reckless endanger-

ment in the first degree and assault in the second degree, defendant argues that reversal is required because he was not present at a *Ventimiglia* hearing *(see, People v Ventimiglia,* 52 NY2d 350) or at a *Sandoval* hearing *(see, People v Sandoval,* 34 NY2d 371). Defendant has the right to be present at a *Ventimiglia* hearing and violation of that right requires reversal even in the absence of timely objection *(see, People v Spotford,* 196 AD2d 179). County Court's ruling was not favorable to defendant, so we cannot conclude that his presence at the *Ventimiglia* hearing would have been superfluous *(see, People v Favor,* 82 NY2d 254). Because the record is not conclusive on the issue of defendant's absence from the in-chambers *Ventimiglia* hearing, we remit the matter for a reconstruction hearing *(see, People v Mitchell,* 189 AD2d 337).

Defendant likewise has the right to be present at a *Sandoval* hearing *(see, People v Dokes,* 79 NY2d 656). Reversal is required unless the trial court's *Sandoval* ruling was totally favorable to defendant, thereby rendering superfluous his presence at the *Sandoval* hearing *(see, People v Favor, supra).* We cannot determine from this record whether defendant was absent from the *Sandoval* hearing or what ruling County Court made on the *Sandoval* motion. We reject defendant's suggestion that we decide those issues on the record of a reconstruction hearing held in the case of a codefendant *(see, People v Dincher,* 201 AD2d 892). The testimony adduced at that hearing was not conclusive on the issues of defendant's presence or the substance of County Court's ruling, nor were the People given notice at the time of that hearing that defendant's absence from the *Sandoval* hearing was at issue. Upon remittal, those issues must also be resolved.

We have examined defendant's remaining argument and find it to be without merit *(see, People v Fratta,* 83 NY2d 771; *People v Davis,* 190 AD2d 987; *People v Doe,* 186 AD2d 1036, *lv denied* 81 NY2d 788). (Appeal from Judgment of Monroe County Court, Marks, J.—Assault, 2nd Degree.) Present—Denman, P. J., Balio, Fallon, Doerr and Davis, JJ.