■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WALID DANIEL, Appellant. [615 NYS2d 170] —Judgment unanimously affirmed. Memorandum: When this appeal was previously before this Court, we reserved decision and remitted the matter for a reconstruction hearing to determine whether *Sandoval* and/or *Ventimiglia* hearings were held and, if so, whether defendant was present *(People v Daniel,* 203 AD2d 968). The record of the reconstruction hearing establishes that no *Sandoval* hearing was required because the prosecutor agreed before trial not to question defendant concerning his conviction for driving while ability impaired (Vehicle and Traffic Law § 1192 [1]), and defendant had no other convictions. Defendant was not present at a pretrial conference when the court ruled that the prosecutor would not be permitted to introduce evidence of defendant's prior bad acts or

uncharged crimes involving a former wife. Defendant's presence at that *Ventimiglia* conference would have been superfluous, however, because the outcome was wholly favorable to defendant *(see, People v Favor,* 82 NY2d 254, 267; *People v Spotford,* 196 AD2d 179, 181). The court made no further pretrial rulings with respect to other uncharged bad acts, but advised counsel that it would rule on the admissibility of certain financial information at trial. All that occurred in defendant's absence was a preliminary discussion of the relevance of certain evidence to the People's case and of the timing of the court's expected ruling on the admissibility of that evidence. "The conference involved only questions of law or procedure and defendant's presence was not required" *(People v Velasco,* 77 NY2d 469, 472; *see, People v DeLong,* 206 AD2d 914 [decided herewith]). Further, because the financial information at issue did not involve prior bad acts or uncharged crimes, no *Ventimiglia* hearing was required *(see, People v Skinner,* 203 AD2d 891).

There is no merit to the contention that the prosecutor improperly obtained telephone records, tax returns and court records to be used at defendant's trial. Defendant lacks standing to challenge the seizure of documents that are maintained by third parties because he has no privacy interest in them *(see, Fisher v United States,* 425 US 391; *People v Di Raffaele,* 55 NY2d 234, 242; *People v Orzel,* 192 AD2d 818, 819; *People v Doe,* 96 AD2d 1018, 1019). We reject the contention that the court's evidentiary rulings impeded defendant's ability to present a defense. Defendant's statements to the victim's brother were properly admitted because the brother was not an agent of the police *(see, People v Cardona,* 41 NY2d 333, 335). The evidence, viewed in the light most favorable to the People *(see, People v Contes,* 60 NY2d 620, 621), is sufficient to support defendant's conviction of murder in the second degree (Penal Law § 125.25 [1]).

We have reviewed the remaining contentions raised by defendant and find them to be lacking in merit. (Resubmission of Appeal from Judgment of Onondaga County Court, Burke, J.—Murder, 2nd Degree.) Present—Green, J. P., Pine, Balio, Fallon and Doerr, JJ.