THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARIA SANCHEZ, Appellant. [619 NYS2d 897] —Judgment unanimously reversed on the law and new trial granted. Memorandum: The record of the reconstruction hearing *(see, People v Mitchell,* 189 AD2d 337) establishes that defendant was not present in chambers at the *Ventimiglia* conference. At that conference, the trial court ruled that the People could introduce that part of defendant's statement admitting a prior uncharged drug sale if defendant raised the defenses of agency or entrapment or attacked the voluntariness of the statement. Reversal is required because defendant was denied her right to be present at a material stage of the trial *(see, People v Snell,* 203 AD2d 933; *People v Spotford,* 196 AD2d 179, *lv granted* 83 NY2d 915).

We reject the People's contention that defendant's presence at the *Ventimiglia* hearing would have been superfluous. The outcome of the proceeding was not "wholly favorable" to

defendant *(People v Favor,* 82 NY2d 254, 267; *see, People v Odiat,* 82 NY2d 872, 874; *People v Spotford, supra,* at 181). The court's ruling required defendant to weigh the benefits of raising certain defenses or challenging the voluntariness of her statement against the risk of opening the door to highly prejudicial evidence of an uncharged cocaine sale. It is analogous to a *Sandoval* ruling that requires a defendant to weigh taking the stand against allowing the jury to learn of his or her prior convictions. Such a ruling is not "wholly favorable" to defendant *(People v Favor, supra,* at 267; *see, People v Odiat, supra,* at 874). Further, because the court affirmatively ruled on the admissibility of the prior uncharged drug sale, the *Ventimiglia* conference involved more than discussions of preliminary questions of law or procedure at which defendant's presence was not required *(cf., People v Velasco,* 77 NY2d 469, 472; *People v Daniel,* 206 AD2d 856).

We reject defendant's contention that the evidence is insufficient to support the conviction. In view of our decision, we do not reach defendant's remaining contention. (Appeal from Judgment of Monroe County Court, Connell, J.—Criminal Sale Controlled Substance, 1st Degree.) Present—Green, J. P., Fallon, Wesley, Doerr and Boehm, JJ.