◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN HARRIS, Appellant. [757 NYS2d 878] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Demarest, J.) rendered April 24, 2000, convicting him of burglary in the second degree and criminal trespass in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

The defendant contends that the Supreme Court committed reversible error by permitting testimony regarding the uncharged crime of resisting arrest. This contention is without merit. The defendant's bad acts during the course of his flight were relevant to the issue of his consciousness of guilt (*see People v Wiese,* 97 AD2d 903 [1983]).

The defendant contends that since he did not possess any stolen items, the Supreme Court erred in submitting to the jury the presumption arising from the recent and exclusive possession of the fruits of a crime (*see People v Galbo,* 218 NY 283 [1916]). However, "[t]he requirement that the defendant's possession be exclusive may be satisfied by possession which is joint with one or more persons if it is shown that they acted in concert" (*People v Shurn,* 69 AD2d 64, 69 [1979]). The prosecution offered evidence that the defendant acted in concert with his codefendants, and that the codefendant carried the stolen items.

The Supreme Court providently exercised its discretion in denying an adjournment of sentence until the defendant was returned on a warrant. In voluntarily failing to appear at

sentencing, the defendant waived his right to be present (*see People v Santiago,* 158 AD2d 629, 631 [1990]). There is no requirement that a court must wait until the defendant is found to pronounce sentence. Further, the Supreme Court could adjudge the defendant a persistent violent felony offender in absentia (*see People v Santiago, supra; People v Hooper,* 133 AD2d 347, 348 [1987]).

The defendant's remaining contentions either are unpreserved for appellate review or without merit. Ritter, J.P., Smith, S. Miller and Schmidt, JJ., concur.